GORLICK, KRAVITZ & LISTHAUS, P.C.
Michael J. Vollbrecht, Esq. (MV 1118)
17 State Street, 4th Floor
New York, New York 10004
(212) 269-2500
MVollbrecht@gkllaw.com



Attorneys for Plaintiffs
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND, ANNUITY
FUND, and TRAINING PROGRAM FUND, and
JOHN J. VIRGA, in his fiduciary capacity as Director,

                     Plaintiffs,

              - against -

HORIZON GROUP OF NEW ENGLAND, INC.
and TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA

                  Defendants.

JUDGE SAND

07 CIV 3770

COMPLAINT

-----------------------------------------------------------------X

      Plaintiffs MASON TENDERS DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and TRAINING PROGRAM FUND, and JOHN J. VIRGA,
in his fiduciary capacity as Director (hereinafter collectively referred to as the "FUNDS"), by and
through their attorneys, GORLICK, KRAVITZ & LISTHAUS, P.C., as and for their Complaint,
respectfully allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

      1.     This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515
of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145)
(hereinafter referred to as "ERISA"), and section 301 of the Labor-Management Relations Act of

1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pension benefit fund, an employee annuity benefit fund and an employee training program fund, and by the Director of the FUNDS; for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the FUNDS and to remit dues checkoffs and Mason Tenders District Council Political Action Committee (hereinafter referred to as "PAC") contributions deducted from the wages paid employees who authorize said deductions in writing to non-party Mason Tenders District Council of Greater New York and Long Island (hereinafter referred to as the "UNION"). This Complaint alleges that by failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and by failing, refusing or neglecting to emit dues checkoffs and PAC contributions to plaintiffs FUNDS when due, defendants violated their collective bargaining Agreements, and/or the respective trust agreements of the FUNDS, and/or ERISA.

      2.    Jurisdiction of this Court is invoked under the following statutes:

        i.     Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

        ii.    Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

        iii.   28 U.S.C. § 1331 (federal question); and

        iv.   28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce).

      3.    Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on defendants in any other district in which they may be found, pursuant to section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

## PARTIES

      4.    Plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining Agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)). The FUNDS are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1)

of ERISA (29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The FUNDS are authorized to maintain suit as independent legal entities under section 502(d) (1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the FUNDS is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the FUNDS pursuant to collective bargaining Agreements between employers in the building and construction industry and the UNION. The FUNDS maintain their offices and are administered at 520 Eighth Avenue, Suite 600, New York, New York 10018, in the City, County and State of New York.

5.      Plaintiff Mason Tenders District Council Welfare Fund (hereinafter referred to as "PLAINTIFF"), one of the above-mentioned labor trust funds, is the duly authorized collecting agent for plaintiffs FUNDS. PLAINTIFF also collects the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund (" NYS-LECET"), the New York Laborers' Health and Safety Trust Fund ("NYLHST"), and the Building Contractors Association Industry Advancement Program ("IAP"), as their authorized agent, and remits said contributions to the NYS-LECET, NYLHST, and IAP. In addition, PLAINTIFF is duly authorized to collect the dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION.

6.      Plaintiff John J. Virga is the Director of the FUNDS and is a fiduciary of the FUNDS within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132). He brings this action in his fiduciary capacity as Director of the FUNDS.

7.      Upon information and belief, at all times material hereto, defendant HORIZON GROUP OF NEW ENGLAND, INC. (hereinafter "HORIZON GROUP") was and is a for-profit domestic entity doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Upon information and belief, defendant HORIZON GROUP is bound by the terms and conditions of the Project Labor Agreement Covering Specified Construction Work Under The Capital Improvement Restructuring Programs (2005-2009), entered into between the New York School Construction Authority and Building and Construction Trades Council Of Greater New York and Vicinity (hereinafter "PLA") wherein, *inter alia*, defendant HORIZON GROUP became

-4-

obligated to pay and/or submit the required monetary fringe benefits contributions and/or reports to PLAINTIFF and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to PLAINTIFF, for all work performed by defendant HORIZON GROUP's employees within the trade and geographical jurisdictions of the PLA, and to permit the FUNDS and/or their designated representatives to conduct audits of the books and records of defendant HORIZON GROUP.

   8. Upon information and belief, at all times material hereto, defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (hereinafter "TRAVELERS") has been and is a for-profit foreign entity duly organized under the laws of the State of New York. Upon information and belief, defendant TRAVELERS is duly authorized to do business in the State of New York and to enter into and write bonds and undertakings in the State of New York as authorized by the New York State Insurance Law. *See* N.Y. Ins. Law (McKinney's 1985 Supp. 1997) §§1101 *et seq.*

### AS AND FOR A FIRST CLAIM FOR RELIEF

#### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT HORIZON GROUP)

   9. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 8 of this Complaint, as if fully set forth herein.

   10. By its terms, the PLA bound defendant HORIZON GROUP to the terms and conditions of the 2005-2008 Independent Collective Bargaining Agreement ("the 2005-2008 Agreement"), which was annexed to the PLA as part of Schedule A. The PLA stated, in relevant part:

> This Agreement, together with the local Collective Bargaining Agreements appended hereto as Schedule A, represents the complete understanding of all signatories and supersedes any national agreement, local agreement or other collective bargaining agreement of any type which would otherwise apply to Program Work, in whole or in part. Where a subject covered by the provisions of this Agreement is also covered by a Schedule A, the provisions of this Agreement shall prevail.

11.    Pursuant to an Affidavit of Project Labor Agreement, P.S. 14 (Queens), Solicitation No. SCA06-07625d-2 (hereinafter referred to as "P.S. 14  Affidavit"), defendant HORIZON GROUP agreed to be bound by the terms and conditions of the PLA, and by extension the 2005-2008 Agreement, for all covered work performed at the P.S. 14  job-site.

12.    As a result of work performed by individual employees of defendant HORIZON GROUP at the P.S. 14 job-site, pursuant to the PLA, the P.S. 14  Affidavit, and by extension the 2005-2008 Agreement, and based upon available shop steward reports and remittance reports, there became due and owing to PLAINTIFF from defendant HORIZON GROUP the amount of at least $159,205.75 as and for fringe benefit contributions due for the period September 1, 2006 through March 31, 2007 for covered work performed by defendant HORIZON GROUP at the P.S. 14 job-site.

13.    No part of the fringe benefit contributions contractually due PLAINTIFF, as the duly authorized collecting agent, has been paid by defendant HORIZON GROUP, although all fringe benefit contributions have been duly demanded, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in the amount of at least $159,205.75 as and for fringe benefit contributions due for the period September 1, 2006 through March 31, 2007 for covered work performed by defendant HORIZON GROUP at the P.S. 14 job-site.

14.    The failure, refusal or neglect of defendant HORIZON GROUP to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the PLA, the P.S. 14  Affidavit, and by extension the 2005-2008 Agreement, entered  into by defendant HORIZON GROUP, and with respect to which PLAINTIFF, as the duly authorized collecting agent, is a third-party beneficiary.

15.    Accordingly, defendant HORIZON GROUP is liable to PLAINTIFF, as the duly authorized collecting agent, as and for fringe benefit contributions in the amount of at least $159,205.75, as and for fringe benefit contributions due for the period September 1, 2006 through March 31, 2007, for covered work performed by defendant HORIZON GROUP at the P.S. 14 job-site, plus the amount found due and owing from an audit of defendant GROUP's books and records for the period December 1, 2005 through the present, so as to determine all fringe benefits contributions due and owing by defendant HORIZON GROUP for covered work performed at the P.S. 14 job-site.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM AGAINST TRAVELERS)

16.    PLAINTIFF repeats and reallege each and every allegation contained in paragraphs 1 through 15 of this Complaint, as if fully set forth herein.

17.    Upon information and belief, defendant HORIZON GROUP posted and maintained a Bond covering payment of wages or wages and benefits to PLAINTIFF for covered work performed at the P.S. 14 job-site in the amount of $3,642,000.00.

18.    As a result of work performed by individual employees of defendant HORIZON GROUP, pursuant to the PLA, the P.S. 14 Affidavit, and by extension the 2005-2008 Agreement, and based upon available shop steward reports and remittance reports, there remains due and owing to PLAINTIFF from defendant HORIZON GROUP the amount of at least $159,205.75, as and for fringe benefit contributions due for the period September 1, 2006 through March 31, 2007, for covered work performed by defendant HORIZON GROUP at the P.S. 14 job-site.

19.    Pursuant to said Indemnity Bond, defendant TRAVELERS agreed to indemnify PLAINTIFF as a result of defendant GROUP's failure to make fringe benefit payments to PLAINTIFF for covered work performed at the P.S. 14 job-site.

20.    Upon information and belief, fringe benefits contributions contractually due to PLAINTIFF have not been paid by defendant HORIZON GROUP, and PLAINTIFF has been damaged in the amount of at least $159,205.75, as and for fringe benefit contributions due for the period September 1, 2006 through March 31, 2007, for covered work performed by defendant HORIZON GROUP at the P.S. 14 job-site.

21.    The failure, refusal or neglect of defendant HORIZON GROUP to make the required contributions to PLAINTIFF constitutes a violation of the PLA, the P.S. 14 Affidavit, and by extension the 2005-2008 Agreement entered into by defendant HORIZON GROUP , and with respect to which PLAINTIFF is a third-party beneficiary and gives rise to a claim against defendant TRAVELERS.

22.    Upon information and belief, as a result of defendant GROUP's failure to remit fringe benefit contributions to PLAINTIFF, as required by the PLA, the P.S. 14 Affidavit, and by extension the 2005-2008 Agreement, defendant TRAVELERS is liable to PLAINTIFF in the

amount of at least $159,205.75 as and for fringe benefits contributions, plus the amount found due and owing from an audit of defendant GROUP's books and records for the period November 2, 2005 through the present, so as to determine all fringe benefits contributions due and owing by defendant HORIZON GROUP for covered work performed at the P.S. 14 job-site.

      23.    PLAINTIFF has duly complied with any and all conditions precedent necessary for bringing this action against defendant TRAVELERS on the aforesaid Indemnity Bond.

      24.    Accordingly, defendant TRAVELERS is liable to PLAINTIFF in the amount of at least $159,205.75 as and for fringe benefits contributions, plus the amount found due and owing from an audit of defendant GROUP's books and records for the period December 1, 2005 through the present, so as to determine all fringe benefits contributions due and owing by defendant HORIZON GROUP for covered work performed at the P.S. 14 job-site.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
### BY DEFENDANT HORIZON GROUP)

      25.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

      26.    Pursuant to an Affidavit of Project Labor Agreement, Automotive Trades Voc. H.S. (Brooklyn), Solicitation No. SCA06-07936D-2 (hereinafter "Automotive Trades Affidavit"), defendant HORIZON GROUP agreed to be bound by the terms and conditions of the PLA, and by extension the 2005-2008 Agreement, for all covered work performed at the Automotive Trades job-site.

      27.    As a result of work performed by individual employees of defendant HORIZON GROUP at the Automotive Trades job-site, pursuant to the PLA, and by extension the 2005-2008 Agreement, and based upon available shop steward reports and remittance reports, there became due and owing to PLAINTIFF from defendant HORIZON GROUP the amount of at least $33,182.56 as and for fringe benefit contributions due for the period September 1, 2006 through November 30, 2006 for covered work performed by defendant HORIZON GROUP at the Automotive Trades job-site.

28.     No part of the fringe benefit contributions contractually due PLAINTIFF, as the duly authorized collecting agent, has been paid by defendant HORIZON GROUP, although all fringe benefit contributions have been duly demanded, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in the amount of at least $33,182.56 as and for fringe benefit contributions due for the period September 1, 2006 through November 30, 2006 for covered work performed by defendant HORIZON GROUP at the Automotive Trades job-site.

29.     The failure, refusal or neglect of defendant HORIZON GROUP to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the PLA, the Automotive Trades Affidavit, and by extension the 2005-2008 Agreement, entered into by defendant HORIZON GROUP, and with respect to which PLAINTIFF, as the duly authorized collecting agent, is a third-party beneficiary.

30.     Accordingly, defendant HORIZON GROUP is liable to PLAINTIFF, as the duly authorized collecting agent, as and for fringe benefit contributions in the amount of at least $33,182.56, as and for fringe benefit contributions due for the period September 1, 2006 through November 30, 2006, for covered work performed by defendant HORIZON GROUP at the Automotive Trades job-site, plus the amount found due and owing from an audit of defendant GROUP's books and records for the period November 2, 2005 through the present, so as to determine all fringe benefits contributions due and owing by defendant HORIZON GROUP for covered work performed at the Automotive Trades job-site.

AS AND FOR A FOURTH CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR BREACH OF ERISA OBLIGATIONS
BY DEFENDANT HORIZON GROUP)

31.     PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

33.     Upon information and belief, at all times material hereto, defendant HORIZON GROUP failed to pay or timely pay and/or submit the required monetary contributions

and/or reports to PLAINTIFF. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

34.    Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid and/or untimely paid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

35.    Accordingly, defendant HORIZON GROUP is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### (PLAINTIFFS FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANT HORIZON GROUP TO PERMIT AN AUDIT OF ITS BOOKS AND RECORDS)

36.    Plaintiffs FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37.    Pursuant to the terms and conditions of the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, defendant HORIZON GROUP is required, *inter alia*, to file certain employer contribution reports with plaintiffs FUNDS, and is further required to permit and cooperate with plaintiffs FUNDS and/or their designated representatives in the conduct of audits of defendant HORIZON GROUP's books and records, including, but not limited to, all payroll sheets, daily time records, job location records, cash disbursement journals, State tax forms WRS-2, WT4A and 4B(NY), WR 30 (NJ), Federal tax forms W2, W3, 940, 941, 1096, 1099, 1120s/1120S and 1040 Schedule C, New York State Employment Reports, Insurance Company Reports and supporting checks, ledgers, vouchers, 1099 forms,

evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture or other related companies of the Employer doing bargaining unit work, for the purpose of ascertaining the amount of fringe benefit contributions due PLAINTIFF, as duly authorized collecting agent, from defendants and verifying the accuracy of the employer contribution reports, if any, filed by defendants.

38.     Accordingly, pursuant to the terms and conditions of the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit and by extension, the 2005-2008 Agreement, plaintiffs FUNDS demand an order directing defendant HORIZON GROUP to permit and cooperate with plaintiffs FUNDS and/or their designated representatives in the conduct of an audit of defendant HORIZON GROUP's books and records as follows: for the P.S. 14 job-site, for the period December 1, 2005 through the present and for the Automotive Trades job-site for the period November 2, 2005 through the present.

<u>AS AND FOR A SIXTH CLAIM FOR RELIEF</u>

(PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT HORIZON GROUP)

39.     PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40.     Pursuant to the terms and conditions of the PLA, the P.S. 14 Affidavit, and by extension, the 2005-2008 Agreement, defendant HORIZON GROUP, *inter alia*, became obligated to deduct dues checkoffs contributions from the wages paid to the employees of defendant HORIZON GROUP performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing, for all covered work performed at the P.S. 14 job-site. The 2005-2008 Agreement provides in relevant part:

> The Employer shall deduct one dollar and thirty-five cents ($1.35) per hour, plus any additional sum per hour hereafter specified by the Union, as dues from the wages of all Mason Tenders who authorize such deduction in writing and then promptly pay over such sums to the Mason Tenders District Council not later than one week after said deduction.

41.    Upon information and belief, pursuant to the PLA, the P.S. 14 Affidavit, and by extension, the 2005-2008 Agreement, and based upon shop steward reports and remittance reports, and as a result of work performed by individual employees of defendant HORIZON GROUP who authorized said deduction in writing, defendant HORIZON GROUP deducted at least $12,327.20 as and for dues checkoffs contributions due for covered work performed at the P.S. 14 job-site during the period September 1, 2006 through March 31, 2007.

42.    No part of the dues checkoffs contributions contractually due PLAINTIFF, as duly authorized collecting agent for the UNION, has been remitted by defendant HORIZON GROUP to PLAINTIFF, although all unremitted dues checkoffs contributions have been duly demanded.

43.    Accordingly, defendant HORIZON GROUP is liable to PLAINTIFF, as duly authorized collecting agent for the UNION, as and for unremitted dues checkoffs contributions in the amount of at least $12,327.20 due for the period September 1, 2006 through March 31, 2007 for covered work performed at the P.S. 14 job-site, plus the amount found due and owing from an audit of defendant HORIZON GROUP's books and records for the period December 1, 2005 through the present, so as to determine all dues checkoffs contributions due and owing by defendant HORIZON GROUP for covered work performed at the P.S. 14 job-site.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM AGAINST DEFENDANT TRAVELERS)

44.    PLAINTIFF repeats and reallege each and every allegation contained in paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

45.    As a result of work performed by individual employees of defendant HORIZON GROUP, pursuant to the PLA, the P.S. 14 Affidavit, and by extension the 2005-2008 Agreement, and based upon available shop steward reports and remittance reports, there remains due and owing to PLAINTIFF from defendant HORIZON GROUP the amount of at least $12,327.20, as and for dues checkoffs contributions due for the period September 1, 2006 through March 31, 2007, for covered work performed by defendant HORIZON GROUP at the P.S. 14 job-site.

46.     Pursuant to the Indemnity Bond covering work performed at the P.S. 14 job-site, defendant TRAVELERS is obligated to remit dues checkoffs contributions payments to PLAINTIFF for covered work performed at the P.S. 14 job-site.

47.     Upon information and belief, dues checkoffs contributions contractually due to PLAINTIFF has not been paid by defendant HORIZON GROUP, and PLAINTIFF has been damaged in the amount of at least $12,327.20, as and for dues checkoffs contributions due for the period September 1, 2006 through March 31, 2007, for covered work performed by defendant HORIZON GROUP at the P.S. 14 job-site.

48.     The failure, refusal or neglect of defendant HORIZON GROUP to make the required contributions to PLAINTIFF constitutes a violation of the PLA, the P.S. 14 Affidavit, and by extension the 2005-2008 Agreement entered into by defendant HORIZON GROUP , and with respect to which PLAINTIFF is a third-party beneficiary and gives rise to a claim against defendant TRAVELERS.

49.     Upon information and belief, as a result of defendant HORIZON GROUP's failure to remit dues checkoffs contributions to PLAINTIFF, as required by the PLA, the P.S. 14 Affidavit, and by extension the 2005-2008 Agreement, defendant TRAVELERS is  liable to PLAINTIFF in the amount of  at least $12,327.20 as and for dues checkoffs contributions, plus the amount found due and owing from an audit of defendant HORIZON GROUP's books and records for the period December 1, 2005 through the present, so as to determine all dues checkoffs contributions due and owing by defendant HORIZON GROUP for covered work performed at the P.S. 14 job-site.

50.     PLAINTIFF has duly complied with any and all conditions precedent necessary for bringing this action against defendant TRAVELERS on the aforesaid Indemnity Bond.

51.     Accordingly, defendant TRAVELERS is liable to PLAINTIFF in the amount of at least $12,327.20 as and for dues checkoffs contributions, plus the amount found due and owing from an audit of defendant HORIZON GROUP's books and records for the period November 2, 2005 through the present, so as to determine all dues checkoffs contributions due and owing by defendant HORIZON GROUP for covered work performed at the P.S. 14  job-site.

AS AND FOR AN EIGHTH CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT HORIZON GROUP)

52.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

53.    Pursuant to the terms and conditions of the PLA, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, defendant HORIZON GROUP, *inter alia*, became obligated to deduct dues checkoffs contributions from the wages paid to the employees of defendant HORIZON GROUP performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing, for all covered work performed at the Automotive Trades job-site.

54.    Upon information and belief, pursuant to the PLA, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, and based upon shop steward reports and remittance reports, and as a result of work performed by individual employees of defendant HORIZON GROUP who authorized said deduction in writing, defendant HORIZON GROUP deducted at least $2,490.09 as and for dues checkoffs contributions due for covered work performed at the Automotive Trades job-site during the period September 1, 2006 through November 30, 2006.

55.    No part of the dues checkoffs contributions contractually due PLAINTIFF, as duly authorized collecting agent for the UNION, has been remitted by defendant HORIZON GROUP to PLAINTIFF, although all unremitted dues checkoffs contributions have been duly demanded.

56.    Accordingly, defendant HORIZON GROUP is liable to PLAINTIFF, as duly authorized collecting agent for the UNION, as and for unremitted dues checkoffs contributions in the amount of $2,490.09 due for the period September 1, 2006 through November 30, 2006 for covered work performed at the Automotive Trades job-site, plus the amount found due and owing from an audit of defendant HORIZON GROUP's books and records for the period November 2, 2005 through the present, so as to determine all dues checkoffs contributions due and owing by defendant HORIZON GROUP for covered work performed at the Automotive Trades job-site.

## AS AND FOR A NINTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
### BY DEFENDANT HORIZON GROUP)

57.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 56 of this Complaint, as if fully set forth herein.

58.    Pursuant to the terms and conditions of the PLA, the P.S. 14 Affidavit, and by extension, the 2005-2008 Agreement, defendant HORIZON GROUP, *inter alia*, became obligated to deduct PAC contributions from the wages paid to the employees of defendant HORIZON GROUP performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing, for all covered work performed at the P.S. 14 job-site. The 2005-2008 Agreement provides in relevant part:

> The Employer agrees to deduct and transmit to the Mason Tenders District Council Political Action Committee ("MTDCPAC") $.10 or such other amount as the Union may determine, for each hour paid from the wages of those employees who have voluntarily authorized such contributions on the forms provided for that purpose by the Union.

59.    Upon information and belief, pursuant to the PLA, the P.S. 14 Affidavit, and by extension, the 2005-2008 Agreement, and based upon shop steward reports and remittance reports, and as a result of work performed by individual employees of defendant HORIZON GROUP who authorized said deduction in writing, defendant HORIZON GROUP deducted at least $877.15 as and for PAC contributions due for covered work performed at the P.S. 14 job-site during the period September 1, 2006 through March 31, 2007.

60.    No part of the PAC contributions contractually due PLAINTIFF, as duly authorized collecting agent for the UNION, has been remitted by defendant HORIZON GROUP to PLAINTIFF, although all unremitted PAC contributions have been duly demanded.

61.    Accordingly, defendant HORIZON GROUP is liable to PLAINTIFF, as duly authorized collecting agent for the UNION, as and for unremitted PAC contributions in the amount of $877.15 due for the period September 1, 2006 through March 31, 2007 for covered work performed at the P.S. 14 job-site, plus the amount found due and owing from an audit of defendant HORIZON GROUP's books and records for the period December 1, 2005 through the present, so

as to determine all PAC contributions due and owing by defendant HORIZON GROUP for covered work performed at the P.S. 14 job-site.

## AS AND FOR A TENTH CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM AGAINST DEFENDANT TRAVELERS)

62.    PLAINTIFF repeats and reallege each and every allegation contained in paragraphs 1 through 61 of this Complaint, as if fully set forth herein.

63.    As a result of work performed by individual employees of defendant HORIZON GROUP, pursuant to the PLA, the P.S. 14 Affidavit, and by extension the 2005-2008 Agreement, and based upon available shop steward reports and remittance reports, there remains due and owing to PLAINTIFF from defendant HORIZON GROUP the amount of at least $877.15, as and for PAC contributions due for the period September 1, 2006 through March 31, 2007, for covered work performed by defendant HORIZON GROUP at the P.S. 14 job-site.

64.    Pursuant to the Indemnity Bond covering work performed at the P.S. 14 job-site, defendant TRAVELERS is obligated to remit PAC contributions payments to PLAINTIFF for covered work performed at the P.S. 14 job-site.

65.    Upon information and belief, dues checkoffs contributions contractually due to PLAINTIFF has not been paid by defendant HORIZON GROUP, and PLAINTIFF has been damaged in the amount of at least $877.15, as and for PAC contributions due for the period September 1, 2006 through March 31, 2007, for covered work performed by defendant HORIZON GROUP at the P.S. 14 job-site.

66.    The failure, refusal or neglect of defendant HORIZON GROUP to make the required contributions to PLAINTIFF constitutes a violation of the PLA, the P.S. 14 Affidavit, and by extension the 2005-2008 Agreement entered into by defendant HORIZON GROUP , and with respect to which PLAINTIFF is a third-party beneficiary and gives rise to a claim against defendant TRAVELERS.

67.    Upon information and belief, as a result of defendant HORIZON GROUP's failure to remit dues checkoffs contributions to PLAINTIFF, as required by the PLA, the P.S. 14 Affidavit, and by extension the 2005-2008 Agreement, defendant TRAVELERS is liable to PLAINTIFF in the amount of at least $877.15 as and for PAC contributions, plus the amount found

due and owing from an audit of defendant HORIZON GROUP's books and records for the period November 2, 2005 through the present, so as to determine all dues checkoffs contributions due and owing by defendant HORIZON GROUP for covered work performed at the P.S. 14 job-site.

68.    PLAINTIFF has duly complied with any and all conditions precedent necessary for bringing this action against defendant TRAVELERS on the aforesaid Indemnity Bond.

69.    Accordingly, defendant TRAVELERS is liable to PLAINTIFF in the amount of at least $877.15 as and for PAC contributions, plus the amount found due and owing from an audit of defendant HORIZON GROUP's books and records for the period December 1, 2005 through the present, so as to determine all PAC contributions due and owing by defendant HORIZON GROUP for covered work performed at the P.S. 14 job-site.

### AS AND FOR AN ELEVENTH CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
### BY DEFENDANT HORIZON GROUP)

70.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 69 of this Complaint, as if fully set forth herein.

71.    Pursuant to the terms and conditions of the PLA, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, defendant HORIZON GROUP, *inter alia*, became obligated to deduct PAC contributions from the wages paid to the employees of defendant HORIZON GROUP performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing, for all covered work performed at the Automotive Trades job-site.

72.    Upon information and belief, pursuant to the PLA, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, and based upon shop steward reports and remittance reports, and as a result of work performed by individual employees of defendant HORIZON GROUP who authorized said deduction in writing, defendant HORIZON GROUP deducted at least $184.45 as and for PAC contributions due for covered work performed at the Automotive Trades job-site during the period September 1, 2006 through November 30, 2006.

73.    No part of the PAC contributions contractually due PLAINTIFF, as duly authorized collecting agent for the UNION, has been remitted by defendant HORIZON GROUP to PLAINTIFF, although all unremitted PAC contributions have been duly demanded.

75.    Accordingly, defendant HORIZON GROUP is liable to PLAINTIFF, as duly authorized collecting agent for the UNION, as and for unremitted PAC contributions in the amount of $184.45 due for the period September 1, 2006 through November 30, 2006 for covered work performed at the Automotive Trades job-site, plus the amount found due and owing from an audit of defendant HORIZON GROUP's books and records for the period November 2, 2005 through the present, so as to determine all PAC contributions due and owing by defendant HORIZON GROUP for covered work performed at the Automotive Trades job-site.

AS AND FOR A TWELFTH CLAIM FOR RELIEF
(PLAINTIFF'S CLAIM FOR COST OF AUDIT AGAINST
DEFENDANT HORIZON GROUP)

76.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 75 of this Complaint, as if fully set forth herein.

77.    Pursuant to the terms and conditions of the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, defendant HORIZON GROUP, *inter alia*, is obligated to pay a penalty if defendant HORIZON GROUP fails to cooperate with an audit. The 2005-2008 Agreement provides in relevant part:

In the event the Employer fails to produce the books and records necessary for an audit . . ., the Employer agrees to pay a penalty of $400.00.

78.    Upon information and belief, defendant HORIZON GROUP has failed to provide for the conduct of an audit of defendant HORIZON GROUP's books and records as follows: for the P.S. 14 job-site, for the period November 2, 2005 through the present and for the Automotive Trades job-site for the period November 2, 2005 through the present.

80.    The failure, refusal or neglect of defendant HORIZON GROUP to produce the books and records necessary for an audit by plaintiffs FUNDS constitutes a violation of the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement entered into by defendant HORIZON GROUP with respect to which plaintiffs FUNDS are third-party beneficiaries.

81.    Accordingly, defendant HORIZON GROUP is liable to PLAINTIFF as and for a penalty in the amount of $400.00.

- 18 -

<u>AS AND FOR A THIRTEENTH CLAIM FOR RELIEF</u>

(PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT HORIZON GROUP)

82.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 81 of this Complaint, as if fully set forth herein.

83.    Pursuant to the terms and conditions of the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, defendant HORIZON GROUP is required, *inter alia*, to post and maintain a bond to guarantee payment of all fringe benefit contributions to PLAINTIFF and remittance of all dues checkoffs and PAC contributions to PLAINTIFF, as duly authorized collecting agent, that become due and owing for all covered work performed at the P.S. 14 job-site and the Automotive Trades job-site. The 2005-2008 Agreement provides in relevant part:

> The Employer shall post and maintain a bond to ensure payment of contributions to the Fringe Benefit Funds set forth in this Article of the Agreement and remittance of dues checkoffs and MTDCPAC contributions to the Union. The minimum amount of the bond shall be fifty thousand dollars ($50,000). The required amount of the bond shall increase based on the number of hours of work performed by the Mason Tender employees of the employer in any twelve-month period, pursuant to the following schedule:

| Number of Mason Tender Hours | Minimum Bond |
|---|---|
| 35,000 to 49,999 | $ 70,000.00 |
| 50,000 to 74,999 | $100,000.00 |
| 75,000 to 99,999 | $130,000.00 |
| 100,000 or more | $150,000.00 |

84.    Upon information and belief, defendant HORIZON GROUP's employees performed 0 to 34,999 Mason Tender hours of covered work at the P.S. 14 job-site and the Automotive Trades job-site during the twelve-month period beginning January 9, 2006.

85.    Defendant HORIZON GROUP is obligated, pursuant to the PLA, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, to post and maintain a bond for covered work performed at the P.S. 14 job-site and the Automotive Trades job-site in the amount of $50,000.00.

86.     No bond in the amount of $50,000.00 has been provided to PLAINTIFF, as duly authorized collecting agents, by defendant HORIZON GROUP, although such a bond is required pursuant to the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, and PLAINTIFF, as duly authorized collecting agent, have been damaged in the amount of $50,000.00.

87.     The failure, refusal or neglect of defendant HORIZON GROUP to post and maintain the required bond constitutes a violation of the PLA, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement entered into by defendant HORIZON GROUP, and with respect to which PLAINTIFF, as duly authorized collecting agent, is a third-party beneficiary.

88.     Accordingly, defendant HORIZON GROUP is obligated to post and maintain a  bond in the amount of $50,000.00.

## AS AND FOR A FOURTEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANT HORIZON GROUP)

89.     PLAINTIFF repeats and re-alleges each and every allegation contained in paragraphs 1 through 88 of this Complaint, as if fully set forth herein.

90.     Pursuant to the terms and conditions of the PLA, the P.S. 14  Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, defendant HORIZON GROUP is required to timely pay and/or submit fringe benefit contributions and/or reports to PLAINTIFF, as duly authorized collecting agent, remit dues checkoffs contributions and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION.

91.     Upon information and belief, defendant HORIZON GROUP has failed to timely pay and/or submit fringe benefit contributions to PLAINTIFF, as duly authorized collecting agent, as follows: for the P.S. 14 job-site, for the period November 2, 2005 through the present and for the Automotive Trades job-site for the period November 2, 2005 through the present, and are currently in breach of their obligations under the PLA, the P.S. 14  Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement.  Defendant HORIZON GROUP's prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the PLA,

the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement.

92.    The 2005-2008 Agreement provides in pertinent part:

Where payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the Trustees of Mason Tenders District Council Fringe Benefit Funds to have the Court enter an order permanently enjoining the Employer and its agents, representatives, directors, officers, stockholders, successors and assigns, for the remaining term of this Agreements from failing, refusing, or neglecting to submit the required employer remittance reports and/or to pay the required contributions to the Mason Tenders District Council Fringe Benefit Funds, and requiring the Employer to cooperate in an audit in accordance with the provisions of the Agreements. In consideration of this Agreements, the Employer represents and warrants that it will not raise any defense, counterclaim or offset to the Trustees' application for this Order.

93.    PLAINTIFF has no adequate remedy at law to ensure that defendant HORIZON GROUP will adhere to the terms of the the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement.

94.    PLAINTIFF will suffer immediate and irreparable injury unless defendant HORIZON GROUP , its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to PLAINTIFF pursuant to the the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement. PLAINTIFF, as duly authorized collecting agent, will suffer immediate and irreparable injury unless defendant HORIZON GROUP, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to remit dues checkoffs contributions and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to PLAINTIFF, as duly authorized collecting agent, for so long as they remain obligated to do so pursuant to the the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement.

95.    Accordingly, PLAINTIFF request this Court to issue an injunction permanently enjoining defendant HORIZON GROUP, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to PLAINTIFF pursuant to the the PLA, the P.S. 14 Affidavit, the

Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement. PLAINTIFF, as duly authorized collecting agent, requests this Court to issue an injunction permanently enjoining defendant HORIZON GROUP, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing, or neglecting to remit dues checkoffs contributions and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to PLAINTIFF, as duly authorized collecting agent, for the term of the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement.

## AS AND FOR A FIFTEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANT HORIZON GROUP)

96.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 95 of this Complaint, as if fully set forth herein.

97.    Pursuant to the provisions of ERISA and the the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, defendant HORIZON GROUP is required to timely pay and/or submit fringe benefit contributions and/or reports to PLAINTIFF and permit and cooperate in the conduct of audits of defendant HORIZON GROUP's books and records for so long as defendant HORIZON GROUP remains obligated to do so pursuant to the the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement.

98.    Upon information and belief, defendant HORIZON GROUP has failed to timely pay and/or submit fringe benefit contributions to PLAINTIFF for the period beginning November 2, 2005 and running through the present, and is currently in breach of its statutory obligations under ERISA. Defendant HORIZON GROUP's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

99.    PLAINTIFF has no adequate remedy at law to ensure that defendant HORIZON GROUP will continue to adhere to its statutory obligations.

100.    PLAINTIFF will suffer immediate and irreparable injury unless defendant HORIZON GROUP, its officers, agents, servants and employees are enjoined from failing, refusing

or neglecting to pay and/or submit the required monetary contributions and/or reports to PLAINTIFF for so long as defendant HORIZON GROUP remains obligated to do so pursuant to ERISA.

101.    Accordingly, PLAINTIFF request this Court to issue an injunction permanently enjoining defendant HORIZON GROUP, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to PLAINTIFF for the term of the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement.

**WHEREFORE,** PLAINTIFF and plaintiffs FUNDS demand judgment:

(a)    against defendant HORIZON GROUP and defendant TRAVELERS, jointly and severally, for the payment of all past due fringe benefit contributions due for covered work performed at the P.S. 14 job-site for the period September 1, 2006 through March 31, 2007, and in the amount of at least $159,205.75, with interest;

(b)    against defendant HORIZON GROUP for the payment of all past due fringe benefit contributions due for covered work performed at the Automotive Trades job-site for the period September 1, 2006 through November 30, 2006, and in the amount of at least $33,182.56, with interest;

(c)    against defendant HORIZON GROUP and defendant TRAVELERS, jointly and severally, for payment of all fringe benefits contributions which became due for the period December 1, 2005 to the present for covered work performed at the P.S. 14 job-site, and which become due during the pendency of this action and which become owing during the pendency of this action, with interest;

(d)    against defendant HORIZON GROUP for payment of all fringe benefits contributions which became due for the period November 2, 2005 to the present for covered work performed at the Automotive Trades job-site, and which become due during the pendency of this action and which become owing during the pendency of this action, with interest;

(e)    against defendant HORIZON GROUP, for accrued prejudgment interest on all contributions due for the period in accordance with ERISA § 502(g)(2);

(f)    against defendant HORIZON GROUP for statutory damages on all contributions now due under the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

(g)      for an Order requiring defendant HORIZON GROUP to permit and cooperate in the conduct of an audit of the books and records of defendant HORIZON GROUP as follows: for the P.S. 14 job-site, for the period December 1, 2005 through the present and for the Automotive Trades job-site for the period November 2, 2005 through the present, by plaintiffs FUNDS;

(h)      against defendant HORIZON GROUP and defendant TRAVELERS, jointly and severally, for the payment of all past due dues checkoffs contributions due for covered work performed at the P.S. 14 job-site for the period September 1, 2006 through March 31, 2007, and in the amount of at least $12,327.20, with interest;

(i)      against defendant HORIZON GROUP for the payment of all past due dues checkoffs contributions due for covered work performed at the Automotive Trades job-site for the period September 1, 2006 through November 30, 2006, and in the amount of at least $2,490.09, with interest;

(j)      against defendant HORIZON GROUP and defendant TRAVELERS, jointly and severally, for payment of all dues checkoffs contributions which became due for the period December 1, 2005 to the present for covered work performed at the P.S. 14 job-site, and which become due during the pendency of this action and which become owing during the pendency of this action, with interest;

(k)      against defendant HORIZON GROUP for payment of all dues checkoffs contributions which became due for the period November 2, 2005 to the present for covered work performed at the Automotive Trades job-site, and which become due during the pendency of this action and which become owing during the pendency of this action, with interest;

(l)      against defendant HORIZON GROUP and defendant TRAVELERS, jointly and severally, for the payment of all past due PAC contributions due for covered work performed at the P.S. 14 job-site for the period September 1, 2006 through March 31, 2007, and in the amount of at least $877.15, with interest;

(m)      against defendant HORIZON GROUP for the payment of all past due PAC contributions due for covered work performed at the Automotive Trades job-site for the period September 1, 2006 through November 30, 2006, and in the amount of at least $184.45, with interest;

(n)      against defendant HORIZON GROUP and defendant TRAVELERS, jointly and severally, for payment of all PAC contributions which became due for the period December 1, 2005 to the present for covered work performed at the P.S. 14 job-site, and which become due during the pendency of this action and which become owing during the pendency of this action, with interest;

(o)    against defendant HORIZON GROUP for payment of all PAC contributions which became due for the period November 2, 2005 to the present for covered work performed at the Automotive Trades job-site, and which become due during the pendency of this action and which become owing during the pendency of this action, with interest;

(p)    against defendant HORIZON GROUP in the amount of $400.00 for failure to produce the books and records necessary for an audit;

(q)    for an Order requiring defendant HORIZON GROUP to post and maintain a bond in the amount of $50,000.00 to guarantee payment of all fringe benefits contributions which become due to PLAINTIFF, and remittance of all dues checkoffs and PAC contributions which become due to PLAINTIFF, as duly authorized collecting agent for all covered work performed at the Automotive Trades job-site;

(r)    for an Order permanently enjoining defendant HORIZON GROUP, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to PLAINTIFF, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports in accordance with the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement, and an Order permanently enjoining defendant HORIZON GROUP, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing to remit deducted dues checkoffs contributions and PAC contributions to PLAINTIFF, as duly authorized collecting agent, for so long as they are obligated to do so pursuant to the PLA, the P.S. 14 Affidavit, the Automotive Trades Affidavit, and by extension, the 2005-2008 Agreement;

(s)    for an Order permanently enjoining defendant HORIZON GROUP, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as it remains obligated to contribute to PLAINTIFF, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports in accordance with ERISA and the applicable Agreements; and

    (t)    for such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         May 8, 2007

GORLICK, KRAVITZ & LISTHAUS, P.C.
Attorneys for Plaintiffs

By: _____
Michael J. Vollbrecht, Esq.
MV 1118
17 State Street, 4th Floor
New York, New York  10004
(212) 269-2500
MVollbrecht@gkllaw.com